**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEDARI JAMILETH RODRIGUEZ-MARTINEZ,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 20-71807<br><br>Agency No. A206-004-684<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2022[**]
Pasadena, California

Before:  MILLER and COLLINS, Circuit Judges, and KORMAN,[***] District Judge.

Medari Jamileth Rodriguez-Martinez, a native and citizen of Honduras,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

summarily affirming the order of the immigration judge ("IJ") denying her

applications for withholding of removal and for relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Against Torture ("Torture Convention"). Because the BIA summarily affirmed the IJ's order without an opinion, "we review the IJ's decision as the agency's final action." *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005). We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the IJ's conclusion that Rodriguez-Martinez failed to demonstrate that her brother's mistreatment of her was motivated, "even in part," by her membership in the particular social group of her family. The record contains ample evidence that her brother's violence was motivated by factors such as greed and drug addiction, rather than her social group membership. Rodriguez-Martinez stated that her brother was a gang member who would "rob" her and "demand money," and she testified that her mother was abused "when we didn't want to give him money or we wouldn't give him food." She also testified that her brother was a gang member who similarly extorted individuals outside of her family. In a police report, Rodriguez-Martinez told police she feared her brother "because [he] consumes drugs." On this record, we cannot say that "any reasonable adjudicator would be compelled" to reach a conclusion contrary to the IJ's. 8 U.S.C. § 1252(b)(4)(B). Given that her brother's mistreatment was not "because of" her "membership in a particular social group," Rodriguez-Martinez failed to establish her eligibility for withholding of removal.

*See* 8 U.S.C. § 1231(b)(3)(A).

2. Substantial evidence also supports the IJ's denial of Rodriguez-Martinez's Torture Convention claim on the ground that she had failed to show that the Honduran government would acquiesce in torture by her brother. The IJ acknowledged the evidence in the record concerning the shortcomings in the Honduran government's efforts to confront crime, but the IJ also noted that the government "has made some efforts to reduce it." The IJ also pointed out that Honduran authorities had arrested Rodriguez-Martinez's brother "on multiple occasions," albeit with "very little effect." The IJ's conclusion was based on a permissible reading of the record under correct legal standards. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have stated that a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").[1]

**PETITION DENIED.**

---

[1] Although Martinez-Rodriguez's opening brief contends that the agency's decision violated due process, no argument is presented in support of that assertion other than that the agency's decision was assertedly wrong. Any due process issue is thus forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").